Dear Mr. Sewell:
You advise this office that Mr. Ferris Durham was recently elected constable for District 4 of Concordia Parish. You ask if any legal impediment exists preventing Mr. Durham from holding the elected position of constable while holding employment as a welding instructor with the Louisiana Technical College, Shelby M. Jackson Campus, in Ferriday, Louisiana.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., govern our response to your question. Therein, R.S. 42:63 sets forth those offices and employments which may not be held together. That portion of R.S. 42:63(D) which is applicable to your question provides that "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . employment in the government of this state."
A dual officeholding analysis requires us to determine the proper characterization of the positions held. For this reason, a discussion concerning the Board of Supervisors of Community and Technical Colleges, and the educational institutions it supervises, is necessary.
As constable, Mr. Durham holds "elective office" as defined by R.S.42:62(1)[1] pursuant to R.S. 13:2583(B), providing: *Page 2 
 B. A constable shall be elected at the congressional election for terms of six years by the qualified electors within the territorial limits of the justice of the peace ward of the court for which he is elected. He shall take office on the first day of January following the election.
Regarding Mr. Durham's second position, our interpretation of R.S.42:62(6), elaborated upon below, reflects that Mr. Durham's employment as a welding instructor with the Louisiana Technical College constitutes "employment in the government of this state" under R.S. 42:63(D). The "government of this state" includes all branches of government, i.e., the executive, legislative, and judicial. Relevant here is the "executive branch of state government" as defined by R.S. 42:62(6), providing:
 (6) The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.
R.S. 42:62(6) includes within the definition of "executive branch of state government" the higher education management boards of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, and the Board of Trustees for State Colleges and Universities (now the University of Louisiana System). R.S. 42:62(6) quoted above does not make reference to the Board of Supervisors of Community and Technical Colleges because the Board was constitutionally created subsequent to the enactment of the dual officeholding statutes by Act 700 of the 1979 Louisiana Regular Legislative Session. By the adoption of LSA-Const. art. VIII, § 7.1 in 1998, the system of public vocational-technical colleges and community *Page 3 
colleges was transferred from the jurisdiction of the Board of Elementary and Secondary Education (BESE) to the Board of Supervisors of Community and Technical Colleges, effective July 1, 1999. See Act 170 § 5, of the 1998 Louisiana 1st Ex. Legislative Session.
The Board of Supervisors of Community and Technical Colleges is considered a higher education board charged with the management of public vocational-technical colleges and community colleges. See LSA-Const. art. 8, § 7.1; see also Delahoussaye v. Board of Supervisors of Communityand Technical Colleges, 04-0515 (La.App. 1st Cir. 3/24/05), 906 So.2d 646,649-50. The functions of the Board pertain to the management of community and technical colleges, and because such functions "are not primarily legislative, judicial, or local in nature or operation" they are deemed to be executive functions, placing the Board within the executive branch of state government.
Similarly, a school falling within the jurisdiction of the Board of Supervisors of Community and Technical Colleges is considered an "agency . . . or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation". The employees of that agency thereby hold employment in the executive branch of state government.
Mr. Durham holds employment with the Louisiana Technical College, Shelby M. Jackson Campus; this school falls under the jurisdiction of the Board of Supervisors of Community and Technical Colleges pursuant to R.S. 17:1994(A) and (B)(31), providing:
 1994. Regional coordination and planning of postsecondary vocational-technical education; establishment and composition of regions
 A. The Board of Regents shall formulate and establish geographic regions of the state, in accordance with R.S. 17:3126(D), in order to better provide for administering, coordinating, and planning for programs and functions of the postsecondary vocational-technical schools under the jurisdiction of the Board of Supervisors of Community and Technical Colleges. The Board of Regents, upon the establishment of geographic regions and at such other times as it deems appropriate, shall designate and assign the postsecondary vocational-technical schools under the jurisdiction of the Board of Supervisors of Community and Technical Colleges to an appropriate region.
 B. The postsecondary vocational-technical schools under the *Page 4 
jurisdiction of the board, or its successor, shall be named and designated as follows:
 * * * (31) Louisiana Technical College — Shelby M. Jackson Campus
We find that Mr. Durham, as an instructor in the employ of the Louisiana Technical College, holds employment in the executive branch of state government. This office has issued several opinions which are in accord with the above analysis concerning the designation of employees of institutions of higher education as holding employment within the executive branch of state government. See Opinion 08-0142 (state-sponsored educational institutions fall within the executive branch of state government, and an employee of a technical college holds employment in the executive branch of state government); Opinion 96-9 (an instructor employed at Nicholls State University holds employment in the executive branch of state government); Opinion 91-494 (an employee of the LSU Cooperative Extension Service under the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College holds employment in the executive branch of state government); Opinion 85-130 (an instructor employed by Delgado Community College holds employment in the executive branch of state government); Opinion 88-0234 (an employee of Grambling University holds employment in the executive branch of state government).
R.S. 42:63(D) initially prohibits Mr. Durham from serving as an elected constable while working as an instructor for the Louisiana Technical College, because the statute prohibits one from holding elective office and employment in the government of this state, which includes the executive branch of state government, as discussed above.
However, an exemption to this prohibition exists, permitting a "person employed in a professional educational capacity" by an "educational institution" to hold an "elective or appointive office." R.S. 42:66(B) states:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. (Emphasis added).
While the dual-officeholding laws do not specifically define "educational institution", we interpret that phrase to mean a school of learning accredited by the state. See Opinion 06-0122. The Louisiana Technical College, as one of the "postsecondary vocational-technical schools" under the jurisdiction of the Board *Page 5 
pursuant to R.S. 17:1994(A), is an "educational institution" for purposes of R.S. 42:66(B).
Further, while the phrase "professional educational capacity" is not defined within the dual officeholding provisions, this office has determined that a person is employed in that capacity where his job duties affect the curriculum taught at the university or such duties require participation in the delivery of educational programs at the university. See Opinions 94-393, 95-113, and 00-63.
Mr. Durham, as a faculty member and welding instructor who teaches several classes at the college, is employed in a "professional educational capacity" for purposes of R.S. 42:66(B). The exemption of R.S. 42:66(B) applies to Mr. Durham, and as a result, Mr. Durham is exempt from the dual officeholding prohibition of R.S. 42:63(D) which would otherwise prevent him from simultaneously holding the elected office of constable.
We would further note that Mr. Durham, as a faculty member, is considered an unclassified employee of Louisiana Technical College, pursuant to the employment policies governing the faculty. Louisiana Technical College Policy No. HR1930.539, Section 539.2, provides:
 Types of Unclassified Employees
 There are two types of unclassified employees. Unclassified employees consist of faculty and staff level positions. In conjunction, employees can be subcategorized into a permanent or temporary and full-time or part-time status.
Because Mr. Durham's employment as a faculty member is considered an unclassified position, he is not subject to the prohibition imposed by the provisions of LSA-Const. art. X, § 9, providing that ". . . no officer or employee in the classified service shall participate or engage in political activity. .[or] . . . be a candidate for nomination or election to public office . . ."
We conclude Mr. Durham, as a person employed in a professional educational capacity by an educational institution, is exempt from the prohibitions of law which would otherwise prohibit him from holding the local elected office of constable. Thus, the dual officeholding provisions do not prevent Mr. Durham from continuing to hold both positions. *Page 6 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
cc: Mr. Ferris Durham 902 Vidalia Drive Ridgecrest, LA 71334
[1] R.S. 42:62(1) states:
 "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.